IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE JUBILEE-MILLER, | : | CIVIL ACTION |
| | : | NO. 09-00749 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FRANKFORD TORRESDALE HOSPITAL, | : | |
| | : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                            APRIL 1, 2011

**I.  INTRODUCTION**

        This case arose under Title VII, specifically 42 U.S.C. § 2000e-2(a)(2), and under the Pennsylvania Human Rights Act, specifically 43 Pa. Cons. Stat. § 951.  Plaintiff Michelle Jubilee-Miller ("Plaintiff") alleged that Defendant Frankford Torresdale Hospital ("Defendant"), whose correct name is now ARIA Health, terminated her employment at Defendant's Frankford/Torres Hospital due to race discrimination. (Compl. ¶¶ 36-48.) This Court granted Defendant's Motion for Summary Judgment on February 15, 2011. (Doc. no. 27.)

**II. BACKGROUND**[1]

Plaintiff's Complaint was filed on February 19, 2009. (Def.'s Mot. Attorneys' Fees, doc. no. 29 ¶ 1.) On May 13, 2009, this Court dismissed Plaintiff's Complaint for lack of prosecution. (Id. ¶ 2.) On June 25, 2009, the dismissal was vacated and the case was returned to active status. (Id.)

Plaintiff's deposition was noticed for November 11, 2009. (Id. ¶ 5.) On November 10, 2009, Plaintiff's counsel cancelled the deposition. (Id.) Plaintiff's deposition was rescheduled for November 24, 2009, but Plaintiff's counsel cancelled the deposition on November 23, 2009. (Id. ¶ 6.) Plaintiff's deposition was rescheduled for December 1, 2009, however, neither Plaintiff nor her counsel appeared for the deposition. (Id. ¶ 7.) Plaintiff contends that she had good cause for any failure to appear at a scheduled deposition. (Pl.'s Resp., doc. no. 30 ¶ 7.) On December 4, 2009, Defendant filed a Motion to Compel Plaintiff's Deposition. (Doc. no. 16.) On December 21, 2009, this Court granted Defendant's Motion to Compel Plaintiff's Deposition. (Doc. no. 18.) Plaintiff's counsel was also ordered to refund Defendant for court reporter fees associated with the missed deposition. (Id.) Plaintiff reimbursed

---

[1] The facts in Paragraphs 1-6 and 13-14 of Defendant's Motion for Attorneys' Fees and Nontaxable Expenses are uncontroverted, but for the purposes of this motion are viewed in the light most favorable to Defendant.

Defendant for those fees.

Defendant filed a Motion for Summary Judgment on April 28, 2010. (Doc. no. 21.) While Defendant's Motion for Summary Judgment was pending, Plaintiff's counsel communicated a settlement demand of $75,000, which Defendant rejected. (Def.'s Mot. Attorneys' Fees ¶ 13-14.) On February 15, 2011, this Court granted Defendant's Motion for Summary Judgment. (Doc. no. 27.) Defendant contends that Plaintiff's attorney should have known that Plaintiff's case was without merit and thus, Defendant is entitled to attorneys' fees of $81,500.94. (Def.'s Mot. Attorneys' Fees ¶ 17.)

### III. MOTION FOR ATTORNEYS' FEES AND NONTAXABLE EXPENSES

A. Legal Standard for Awarding Attorney's Fees

Federal Rule of Civil Procedure 54(d)(2)(A) permits a party to file a motion for attorney's fees and related nontaxable expenses. Under 18 U.S.C. § 2000e-5(k), the court, in its discretion, may award a reasonable attorney's fee to the prevailing party. In Christiansburg Garment Co. v. EEOC, the United States Supreme Court held that

> a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did

> not ultimately prevail, his action must have been
> unreasonable or without foundation.

434 U.S. 412, 421-22 (1978). In Title VII actions, defendants should sparingly, rather than routinely, be awarded attorney's fees. EEOC v. L.B. Foster Co., 123 F.3d 746, 751 (3d Cir. 1997) (citing Quiroga v. Hasbro, Inc., 934 F.2d 497, 503 (3d Cir. 1991). Courts consider the following factors in deciding whether a defendant in a Title VII action should be entitled to attorney's fees: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." L.B. Foster Co., 123 F.3d at 751 (quoting Sullivan v. Sch. Bd., 773 F.2d 1182, 1189 (11th Cir. 1985). These factors merely serve as guideposts and the determination of whether a defendant is entitled to attorney's fees is to be made on a case-by-case basis. Id. The district court may also consider the inability of the losing party to pay costs. In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 463-64 (3d Cir. 2000).

B. Analysis

The Court will apply the factors enumerated in L.B. Foster Co. to determine whether Defendant should be entitled to attorney's fees and nontaxable expenses. 123 F.3d at 751. First, the Court notes that Plaintiff did establish a prima facie case of race discrimination. Plaintiff presented evidence that she is

4

a member of a protected class in that she is African American. Based on the favorable performance reviews Plaintiff received in 2006, this Court found that she was qualified for her position. Plaintiff was subjected to an adverse employment action when she was terminated on August 7, 2007. As the final element of the prima facie case, Plaintiff was able to raise an inference of discrimination by presenting evidence that Plaintiff was not permitted to take unauthorized breaks, while other similarly situated white employees were permitted to do so. See Jubilee-Miller v. Frankford Torresdale Hosp., No. 09-00749, 2011 WL 534086, at *5 (E.D. Pa. Feb. 15, 2011) (Robreno, J.).

Second, weighing in favor of Defendant's argument, Defendant did not make any settlement offers, and in fact, rejected Plaintiff's settlement offer.[2] Third, this case did not proceed to trial as this Court granted Defendant's Motion for Summary Judgment.

Although two of the factors enumerated in L.B. Foster Co. weigh in favor of Defendant's position, the factors enumerated in L.B. Foster Co. are not exclusive and the case must be evaluated on an individual basis to see if Defendant should be entitled to attorneys' fees. 123 F.3d at 751. Furthermore, this

---

[2] See Weisberg v. Riverside Twp. Bd. of Educ., 272 Fed. App'x 170, 173 (2008) (noting that the fact that the defendant had not made an offer to settle the case supported the defendant's argument that it should be entitled to attorney's fees).

5

Court will not engage in post hoc reasoning that because Defendant ultimately prevailed at the summary judgment stage, Plaintiff's case had no merit.  In this case, the evidence presented by Plaintiff in support of her prima facie case of race discrimination was sufficient to establish that Plaintiff's claim was not frivolous, unreasonable, or without foundation.[3]

In support of its motion, Defendant essentially argues that because of the difficulties of scheduling a time to depose Plaintiff and Plaintiff's alleged lack of participation in this case, it is clear that Plaintiff filed this claim in bad faith and had no interest in actually pursuing the claim. (Def.'s Mot. Attorneys' Fees at 5.) The Court does not find that Defendant's difficulty in scheduling the Plaintiff's deposition establishes that Plaintiff filed this claim in bad faith.  In addition, Plaintiff reimbursed Defendant for the court reporter fees for the missed deposition and thus, Defendant suffered little prejudice in having to reschedule the deposition.

---

[3] Given the disposition of the case, the Court need not consider Plaintiff's argument that awarding attorneys' fees to Defendant would render Plaintiff indigent and bankrupt. (Pl.'s Resp. at 8.)

**IV. CONCLUSION**

For the reasons set forth above, Defendant's Motion for Attorneys' Fees and Nontaxable Expenses will denied. An appropriate order will follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE JUBILEE-MILLER, | : | CIVIL ACTION |
| | : | NO. 09-00749 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FRANKFORD TORRESDALE HOSPITAL, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

**AND NOW**, this **1st** day of **April, 2011,** it is hereby **ORDERED** that Defendant's Motion for Attorneys' Fees and Nontaxable Expenses is **DENIED**. (doc. no. 29.)

**AND IT IS SO ORDERED.**

S/Eduardo C. Robreno

**EDUARDO C. ROBRENO, J.**